UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE:<br><br>JOSEPH MICHAEL SUNDE and VICTORIYA SUNDE,<br><br>Debtors. | Case No. 3:18-cv-00458-MMD<br><br>*and related case* |
| NEVADA DIVORCE & DOCUMENT SERVICES, INC., a Nevada corporation *et al.*,<br><br>Plaintiffs/Appellees,<br>v.<br>JOSEPH MICHAEL SUNDE and VICTORIYA SUNDE, *et al.*,<br><br>Defendants/Appellants. | Case No. 3:18-cv-00485-MMD<br><br>ORDER |

This matter concerns appeals from bankruptcy proceedings in the United States Bankruptcy Court for the District of Nevada ("Bankruptcy Court"). Before this Court, in 3:18-cv-458-MMD, are multiple duplicative motions to determine validity of election ("Validity Motions") by pro se Debtors/Appellants, Joseph Michael Sunde and Vicktoriya Sunde. (ECF Nos. 6, 7, 21 (3:18-cv-458-MMD).) The Court declines to rule on the Validity Motions, at this time, because the Court is without jurisdiction to rule in 3:18-cv-458-MMD.

The Validity Motions challenge Plaintiffs/Appellees' election to transfer, from the U.S. Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") to this Court, Debtors/Appellants' appeal of:

(1) the Bankruptcy Court's SUPPLEMENTAL FINDINGS OF FACTS AND CONCLUSIONS OF LAW, entered on August 25, 2017 and related JUDGMENT, dated August 31, 2017; and

(2) the Bankruptcy Court's ORDER DENYING DEFENDANTS' MOTION TO AMEND SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW & JUDGMENT; MOTION TO RESIGN, dated September 6, 2018. (ECF No. 1 at 1–3 (3:18-cv-458-MMD); ECF No. 19 at 1 (3:18-cv-458-MMD).) Debtors/Appellants filed their relevant notice of appeal in the Bankruptcy Court to appeal that court's rulings to BAP on September 21, 2018. (*See, e.g.*, ECF No. 1 at 2–3 (3:18-cv-458-MMD); ECF No. 19 at 1 (3:18-cv-458-MMD).) BAP received the appeal on September 26, 2018, and Plaintiffs/Appellees filed their election to proceed in this Court on September 27, 2018. (ECF No. 1 at 2–3 (3:18-cv-458-MMD).)

It appears that Debtors/Appellants untimely appealed to the BAP and therefore this Court lacks jurisdiction over this matter *ab initio*.

A Court's jurisdiction to decide a matter depends upon the state of things at the time the action is brought. *Mollan v. Torrance*, 22 U.S. 537, 539 (1824).[1] Here, it cannot be disputed that at the time the matter constituting 3:18-cv-00458-MMD was transferred to this Court, the matter stemmed from an appeal to the BAP that was untimely because Debtors/Appellants filed their notice of appeal beyond the time for filing such notice. Under the Federal Rules of Bankruptcy Procedure, a notice of appeal must be filed with the Bankruptcy Court within 14 days of entry of judgment, order, or decree appealed from. Fed. R. Bankr. P. 8002(a). However, as noted the last order from which the Debtors/Appellants appealed was dated September 6, 2018; the notice of appeal was filed on September 21, 2018. Thus, Debtors/Appellants' filing was late—by one day to be exact. Accordingly, the appeal cannot confer jurisdiction upon this Court. *See Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 264 (1978) (explaining that the timely filing of a notice of appeal is "mandatory and jurisdictional"); *In re Mouradick*, 13 F.3d 326, 327 (9th Cir. 1994) (noting that the timely filing of a notice of appeal is *rigidly enforced* in bankruptcy matters and stating "[t]he provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of

---

[1] *Cf. Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567 (2004) (distinguishing situation were jurisdictional defect is cured in a diversity action by the dismissal of a party)

jurisdiction to review the bankruptcy court's order"). Accordingly, the Court finds that it is without jurisdiction to decide 3:18-cv-458-MMD.

The Court also appears to be without jurisdiction in 3:18-cv-485. That case stems from a notice of appeal Debtors/Appellants filed on October 5, 2018. (ECF No. 1 (3:18-cv-485-MMD).) Plaintiffs/Appellees point out that this appeal pertains to the Bankruptcy Court's "Order Denying Defendant's Motion to Amend Supplemental Findings of Fact and Conclusions of Law & Judgment and the Motion to Resign" which is already part of the appeal at issue in 3:18-cv-458-MMD. (*See* ECF No. 9 at 2 (3:18-cv-458); *see also* ECF No. 1-3 (3:18-cv-485-MMD).)[2] Accordingly, the Court finds it also lacks jurisdiction in 3:18-cv-485-MMD.

The Court recognizes that Debtors/Appellants later moved for an extension of time in the Bankruptcy Court to file their appeal regarding the same two matters noted above. (ECF No. 18 (3:18-cv-458-MMD); ECF Nos. 7 (3:18-cv-485-MMD).) The Bankruptcy Court granted the extension on January 14, 2019, and Debtors/Appellants thereafter filed an amended notice of appeal to BAP on January 22, 2019. (*Id.*; ECF No. 19 (3:18-cv-458-MMD); ECF No. 8 (3:18-cv-485-MMD).) But the Bankruptcy Court's extension of the deadline to appeal cannot retroactively cure the jurisdictional defect in a matter that is *already* improperly before this Court—as noted the Court's jurisdiction is determined at the time of the appeal. *See supra Mollan.* Accordingly, the Court dismisses 3:18-cv-458-MMD and 3:18-cv-485-MMD for lack of jurisdiction.

It is therefore ordered that 3:18-cv-458-MMD and 3:18-cv-485-MMD are dismissed without prejudice for want of jurisdiction.

It is further ordered that all pending motions in 3:18-cv-458-MMD (ECF Nos. 6, 7, 13, 21) are denied as moot.

///

///

///

---

[2]ECF No. 1-3 at page 4 reflects the order as having been docketed on September 5, 2018, while BAP's record at ECF No. 1 at 1–3 (3:18-cv-458-MMD) reflects the order as filed on September 6, 2018. The appeal is late based on either date.

It is further ordered that the Clerk enter judgment in accordance with this order in 3:18-cv-458-MMD and 3:18-cv-485-MMD and close both cases.

DATED THIS 13th day of February 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE